IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIM OVERK A77-630-244 | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL and the IMMIGRATION AND NATURALIZATION SERVICE | : : : : | NO. 02-5253 |
| | : | |
| Respondents. | : | |

## **ORDER**

AND NOW, this         day of                    , 2002, upon consideration of the Government's response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is hereby ORDERED that the petition is DISMISSED as moot.

BY THE COURT:

_____
EDUARDO C. ROBRENO
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARIM OVERK A77-630-244 | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOHN ASHCROFT, UNITED STATES ATTORNEY GENERAL and the IMMIGRATION AND NATURALIZATION SERVICE | : : : : | NO. 02-5253 |
| | : | |
| Respondents. | : | |

**GOVERNMENT'S AMENDED RESPONSE TO
PETITION FOR WRIT OF HABEAS CORPUS**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Sonya Fair Lawrence, Assistant United States Attorney for the District, on behalf of respondents, John Ashcroft, United States Attorney General, and the Immigration and Naturalization Service, hereby files this amended response to Karim Overk's Petition for Writ of Habeas Corpus and moves the Court to dismiss the Petition as moot.

**I.   Introduction**

This is a habeas petition brought under 28 U.S.C. § 2241 by Karim Overk, a native and citizen of Algeria. Respondents submitted a response to the habeas petition on September 24, 2002, arguing, among other things, that the petition should be dismissed because the arguments contained therein lacked merit. On October 7, 2002, the

Immigration and Naturalization Service released Mr. Overk from custody. Therefore, Respondents now file an amended response to the petition, seeking its dismissal for lack of subject matter jurisdiction.

## II.    Factual Background

Mr. Overk filed the instant habeas petition on or about July 24, 2002. In the petition, Mr. Overk claims that his detention by the Immigration and Naturalization Service ("the Service") for a time period beyond six months violates the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2492 (2001).

For reasons which have been fully discussed in the Service's previous response to the habeas petition, <u>Zadvydas</u> is inapplicable here. The Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. ("the Act"), however, sets forth procedures the Service must follow in determining whether to detain an alien beyond the 90-day removal period. The relevant regulations pertaining to the Act state that:

> The district director may continue in custody any alien . . . removable under [8 U.S.C. §] 1227(a)(2). . . or who presents a significant risk of noncompliance with the order of removal, beyond the removal period, as necessary, until removal from the United States. If such an alien demonstrates by clear and convincing evidence that the release would not pose a danger to the community or a significant flight risk, the district director may, in the exercise of discretion, order the alien released from custody on such conditions as the district director may prescribe, including bond in an amount sufficient to ensure the alien's appearance for removal.

8 C.F.R. § 241.4(a).

In reviewing an alien's case for continued detention or release:

> The district director may consider, but is not limited to considering, the following factors: (1) The nature and seriousness of the alien's criminal convictions; (2) Other criminal history; (3) Sentence(s) imposed and time actually served; (4) History of failures to appear for court (defaults); (5) Probation history; (6) Disciplinary problems while incarcerated; (7) Evidence of rehabilitative effort or recidivism; (8) Equities in the United States; and (9) Prior immigration violations and history.

8 C.F.R. § 241.4(f).

During the course of his detention, the District Director periodically reviewed Mr. Overk's custody. After each review, the Director determined that conditional release was inappropriate. The District Director recently transferred responsibility for Mr. Overk's custody review to the INS Headquarters' Parole and Detention Unit ("HQPDU") in Washington, D.C. Upon its recent review of Mr. Overk's custody, the HQPDU determined that he may be released while the Service continues its efforts to effect removal.

On October 2, 2002, the HQPDU issued a Release Notification, informing Mr. Overk of his conditional release from custody, pending his removal from the United States. (Exhibit 1). The Service released Mr. Overk from custody on October 7, 2002.

Since Mr. Overk has received the relief sought in his pending petition for habeas corpus, the petition is moot and must be dismissed for lack of subject matter jurisdiction.

### III.  Legal Argument

Article III courts are precluded from ruling on wholly abstract matters; a live, ongoing dispute must exist between the parties at all stages of the litigation. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).  Absent a live dispute, the court lacks subject matter jurisdiction to adjudicate a case or claim.  See U.S.Const. Art. 3, § 2, cl. 1; North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402 (1971); Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 382 n.8 (3d Cir. 1999).  Therefore, if changed circumstances alter a plaintiff's personal stake in the outcome of case pending before the court or prevent the court from granting the form of relief requested in the pleadings, the case must be dismissed as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

In the instant case, Mr. Overk's petition for habeas corpus relief is premised upon the Service's decision to detain him, pending receipt of travel documents from Algeria. After conducting a recent review of Mr. Overk's custody, the Service opted to release Mr. Overk while it continues efforts to remove him from the United States.  Since Mr. Overk was released from custody on October 7, 2002, this court can no longer grant the relief sought in the habeas petition.  Therefore, the habeas petition is moot and must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the petition must be dismissed.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


Dated: October    , 2002       _____
SONYA FAIR LAWRENCE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the     day of October, 2002, I caused a true and correct copy of the foregoing Government's Response to Petition for Habeas Corpus to be served by first-class mail, postage prepaid, upon the following:

Karim Overk
A77-630-244
1287 County Welfare Road
Leesport, PA 19533

Pro se petitioner

_____
Sonya Fair Lawrence
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
(215) 861 - 8921
(215) 861 - 8349 (telecopier)